**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1913**

LUIS (JANER) RULLAN,

> Plaintiff - Appellant,

> v.

JILL K. GODEN, in her individual capacity and as Personal Representative for Frederick I. Greenberg and the Frederick I. Greenberg Revocable Trust; ERIC S. GODEN; CACAPON RIVER CAMPS, INC.; CACAPON CAMPS, INC; JOHN DOE; YOUTH WORLD, LTD.; YOUTH WORLD INTERNATIONAL COMPANY, LTD,

> Defendants - Appellees,

> and

ALEX REECE,

> Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:17-cv-03741-CCB)

Submitted: May 10, 2024                    Decided: July 19, 2024

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Peter C. Choharis, THE CHOHARIS LAW GROUP, PLLC, Washington, D.C., for Appellant.  Bart Colombo, SABOURA, GOLDMAN & COLOMBO, P.C., Leesburg, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis (Janer) Rullan appeals the district court's orders denying his motion for a preliminary injunction and denying his motion for reconsideration.[1] He contends that the district court failed to make particularized findings of fact, ignored case law authorizing injunctions to prevent the dissipation of assets, and failed to consider his motion for a preliminary injunction under state law pursuant to Fed. R. Civ. P. 64. We affirm.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When ruling on a motion for a preliminary injunction, the district court must "state the findings [of fact] and conclusions [of law] that support its [decision]." Fed. R. Civ. P. 52(a)(2). We review the district court's denial of a motion for a preliminary injunction for an abuse of discretion. *Di Biase v. SPX Corp.*, 872 F.3d 224, 229 (4th Cir. 2017). When making that determination, we review the district court's factual findings for clear error and its legal conclusions de novo. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013).

In denying Rullan's motion, the district court made sufficient findings of fact and reasonably concluded that, based on Rullan's deficient factual submissions and years-long

---

[1] We previously vacated the district court's denial of Rullan's motion for preliminary injunction and remanded to the district court for further proceedings. *Rullan v. Goden*, 782 F. App'x 285, 286 (4th Cir. 2019) (No. 19-1037).

3

delays, his speculation that Defendants would dissipate assets and may become judgment-proof was insufficient to satisfy his burden of establishing a likelihood of irreparable harm absent an injunction.[2] *See id.* This alone justified the denial and the district court was not required to address the remaining *Winter* factors, *Frazier v. Prince George's Cnty*, 86 F.4th 537, 544 (4th Cir. 2023), nor was it required to make factual findings expressly refuting Rullan's insufficient speculations. *See id.* (Fed. R. Civ. P. 52(a)(2) does not require the district court to issue a "tome that memorializes all factual minutiae or respond to every legal assertion. Instead, the findings and conclusions required are those that are necessary, in context, to the action taken." (internal citation omitted)).

We have reviewed the record submitted on appeal and find no error by the district court in denying Rullan's motion for a preliminary injunction and denying his motion for reconsideration. We therefore affirm the district court's orders. We grant the parties' motion to submit on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Having correctly found that Rullan's assertion that Defendants may dissipate assets was "too speculative to entitle him to preliminary relief," the district court did not abuse its discretion by declining to issue an injunction under Maryland law. *See Levitt v. Md. Deposit Ins. Fund Corp.*, 505 A.2d 140, 147 (Md. App. 1986) (permitting court to enjoin dissipation of assets where facts indicate a "substantial likelihood of fraud" and "the *probability* that the defendants will, before judgment, dispose of assets" (emphasis added)).

4